LOUIS M. BUBALA III, ESQ.  
Nevada State Bar No. 8974  
ARMSTRONG TEASDALE LLP  
50 W. Liberty St., Ste. 950  
Reno, NV 89501  
Telephone:  775.322.7400  
Facsimile:  775.322.9049  
Email:  lbubala@armstrongteasdale.com  

Attorneys for Banco Popular North America ("BPNA")

ELECTRONICALLY FILED ON  
July 3, 2013

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CARLTON EDWARD HULL aka CARL HULL,<br><br>    Debtor. | Case No.:  BK-12-50554-BTB<br><br>Chapter:  11<br><br>**RENEWED OBJECTION TO DEBTOR'S PROPOSED PLAN OF REORGANIZATION, WITH CERTIFICATE OF SERVICE**<br><br>Hearing Date:  7/17/13<br>Hearing Time:  2:00 p.m. |

On April 15, 2012, Debtor filed a proposed plan and disclosure statement (Ct. Dkt. #14-15). The Court approved the disclosure statement on August 29, 2012, with a confirmation hearing scheduled for December 21, 2012 (Ct. Dkt. #65). After Debtor moved to value collateral (Ct. Dkt. #73), he rescheduled the confirmation hearing to January 25, 2013 (Ct. Dkt. #75).

BPNA objected to the plan (Ct. Dkt. #104), as did other creditors (Ct. Dkt. #95, 101-03, 108). Debtor did not reply to the objections or file a ballot summary. On January 23-24, 2013, the two days prior to the confirmation hearing, Debtor filed stipulations with creditors to continue the confirmation hearing (Ct. Dkt. #110, 112) until July 17, 2013 (Ct. Dkt. #113).

Debtor has neither addressed nor resolved BPNA's objection, so BPNA renews it to make clear that its objection remains outstanding. BPNA's objection involves the issues originally identified (Ct. Dkt. #104), and supplemented here. In short, Debtor has not properly or timely disclosed the financial results of the businesses in which he holds a substantial and controlling interest, a requirement disclosure imposed by Rule 2015.3(a). Therefore, Debtor has not complied with his obligations and cannot confirm his plan under Section 1129(a)(2). Alternatively, Debtor's

cannot confirm his plan because his conduct in omitting his financials either has not been in good faith under Section 1125(e) or resulted in a plan not filed in good faith under Section 1129(a)(3).

In BPNA's original objection, it noted that Rule 2015.3 provides that certain financial reports "shall be filed" on an ongoing basis for entities in which the debtor holds a substantial or controlling interest. On April 4, 2012, BPNA reminded Debtor of his obligation to file the reports for his businesses before or on April 9, 2012, a week prior to the creditors meeting as required by Rule 2015.3. Debtor did not file any reports until April 16, 2012, when he filed an unexecuted report just four hours before the creditors meeting. The reports did not comply with reporting requirements.

Rule 2015.3(b) also requires new reports to be filed "no less frequently than every six months." In this case, additional reports should have been filed by at least October 9, 2012, then again by at least April 9, 2013. Debtor did not file a new report on or before October 9, 2012. BPNA provided courtesy reminders to Debtor on December 2 and 21, 2012, of the deficiency. Debtor reported on January 1, 2013, that he would file reports on or before January 11, 2013, the deadline for BPNA to respond to the plan. Debtor did not file any updated business financials by that date, and BPNA filed its original objection.

Debtor files additional business financials on January 14, 2013, although once again unexecuted contrary to the reporting requirements (Ct. Dkt. #105). The untimely reports remain deficient in disclosure of information called for under Rule 2015.3. Debtor also failed to file additional business financials on or before April 9, 2013.

Since BPNA filed its initial objection, Chief Judge Myers issued an opinion on the importance of timely and accurate financial reports required under Rule 2015.3. *In re Hoyle*, Case No. 10-01484-TLM, 2013 WL 210254, *10 (Bankr. D. Idaho Jan. 17, 2013). He noted that Debtor failed to timely and correct filed business financials, then tried to correct them with late filings. This was unsatisfactory to Judge Myers no matter the reason:

> Whether Debtor deliberately concealed financial activities, or inadvertently misreported them due to a poor understanding of accounting principles or bankruptcy requirements, the result remains the same. Creditors, the UST and the Court could not accurately and timely gauge Debtor's financial situation, the profitability of Debtor's business, Debtor's ability to live within the budget he set, his compliance with the Code and Rules, or the feasibility of his chapter 11 plan. Even if Debtor did not deliberately file misleading reports, Debtor had a responsibility to file complete and accurate reports.

*Id.* He also recognized prior decisions "that serious consequences attend when meaningful disclosure was accorded too low a priority by a debtor." *Id.* at n.56 (quotation and citation omitted). The decision cites to *In re Whetten*, 473 B.R. 380 (Bankr. D. Colo. 2012), cited in BPNA's original objection as the only case law on the business reporting requirements. Judge Myers' opinion appears to be the only opinion on the reporting requirements published in any form within the Circuit.

  Debtor's business reports remain deficient. The official form requires three exhibits to be filed for each entity. At an initial point, Debtor's reports identify four entities wholly owned by him, but he does not file any information about two of them, Serenity Place and Adventure Time. As to the other two entities relevant to the debt owed to BPNA, Debtor does not provide the requirement information for Advance Check Cashing and Geometric Services.

  First, Debtor is required to file Exhibit A, a valuation estimate of the entity not more than two years prior to the date of the report and include the valuation method. Debtor has not filed a valuation for either Advance Check Cashing and Geometric Services, let alone timely valuations or any methodology.

  Second, Debtor is required to file Exhibit B, reflecting the following financials "for the period covered by the Entity Report," along with summarized footnotes. At this point Debtor should have filed business financials through March 2013. But the most recent information on file stops in December 2012. Additional, Debtor none of Debtor's business financials contain footnotes. And while Debtor has filed balance sheets and a statement of income (loss), it has not filed a statement of cash flows or a statement of equity. The failure to disclose a statement of cash flows inhibits the financial evaluation of a business. *See, e.g., United States v. Electrodyne Sys. Corp.*, 147 F.3d 250, 254 (3d Cir. 1998) (noting deficiency in corporate defendant's financial disclosure reflected in presentence report). To be sure, the statement of cash flows is considered one of the best accounting standards due to its consistency, comparability and disclosure of additional information, among other points. Cheri L. Reither, *What are the Best and Worst Accounting Standards?* 12 <u>Accounting Horizons</u> 3 at 283 (Am. Accounting Assn. Sept. 1998), citing FASB Standard 95, Statement of Cash Flows.

  Third, Debtor is required to file Exhibit C, a description of each entity's business operations.

Debtor has not filed nay such description.  As noted in the original objection, Debtor has not properly disclosed the nature of his business operations or their financial performance.

      Debtor cannot confirm a plan that does not comply with his obligations to report the financial information for his business.  The reporting is a statutory direction from Congress in BAPCA and adopted in Rule 2015.3.  By failing to abide by the reporting requirements, Debtor's plan cannot be confirmed because he has not complied with the applicable provisions of Title 11 and he has not proposed his plan in good faith.  11 U.S.C. §§ 1125(e), 1129(a)(2), (3).

DATED: July 3, 2013                    ARMSTRONG TEASDALE LLP

By:   /s/ Louis M. Bubala III
      LOUIS M. BUBALA III, ESQ.

Attorneys for Banco Popular North America

**CERTIFICATE OF SERVICE**

1.  On July 3, 2013, I served the following document(s):

**RENEWED OBJECTION TO DEBTOR'S PROPOSED PLAN OF REORGANIZATION, WITH CERTIFICATE OF SERVICE**

2.  I served the above-named document(s) by the following means to the persons as listed below:

   a.  **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

KAREN M. AYARBE on behalf of Creditor WELLS FARGO BANK, N.A.
karenayarbe@kernltd.com, christinelamia@kernltd.com;nicolemilton@kernltd.com;gakltd@kernltd.com

CHELSEA A. CROWTON on behalf of Creditor FEDERAL NATIONAL MORTGAGE ASSOCIATION
ccrowton@wrightlegal.net, ebaker@wrightlegal.net;pkutneski@wrightlegal.net

KEVIN A. DARBY on behalf of Debtor CARLTON EDWARD HULL
kevin@darbylawpractice.com, tricia@darbylawpractice.com;alecia@darbylawpractice.com;sarah@darbylawpractice.com;itati@darbylawpractice.com;sawyer@darbylawpractice.com

KEVIN HAHN on behalf of Creditor JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
kevin@mclaw.org, JTran@mclaw.org

GAYLE A. KERN on behalf of Creditor WELLS FARGO BANK, N.A.
gakltd@kernltd.com, christinelamia@kernltd.com;nicolemilton@kernltd.com

JOHN F MURTHA on behalf of Creditor SIERRA PACIFIC FEDERAL CREDIT UNION
jmurtha@woodburnandwedge.com

DONNA M. OSBORN on behalf of Creditor FEDERAL NATIONAL MORTGAGE ASSOCIATION
donnamosborn@live.com

DEAN R. PROBER on behalf of Creditor BANK OF AMERICA, N.A
cmartin@pralc.com

NATHAN F. SMITH on behalf of Creditor HOMEWARD RESIDENTIAL, INC.
nathan@mclaw.org, MTeiman@mclaw.org

NATHAN F. SMITH on behalf of Creditor JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
nathan@mclaw.org, MTeiman@mclaw.org

KEVIN S. SODERSTROM on behalf of Creditor JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
nvbk@tblaw.com, jrgiordano@tblaw.com;batobias@tblaw.com

U.S. TRUSTEE - RN - 11
USTPRegion17.RE.ECF@usdoj.gov

GREGORY L. WILDE on behalf of Creditor BANK OF AMERICA, N.A.
nvbk@tblaw.com,
jrgiordano@tblaw.com;mlbenson@tblaw.com;jlferran@tblaw.com;grgarrett@tblaw.com;maerwin@tblaw.com;batobias@tblaw.com

GREGORY L. WILDE on behalf of Creditor JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
nvbk@tblaw.com,
jrgiordano@tblaw.com;mlbenson@tblaw.com;jlferran@tblaw.com;grgarrett@tblaw.com;maerwin@tblaw.com;batobias@tblaw.com

    **XX** b. **United States mail, postage fully prepaid** (list persons and addresses): For mailing on July 5, 2013

OCWEN LOAN SERVICING, LLC
ATTN: BANKRUPCTY DEPARTMENT
1100 VIRGINIA DR, STE 175
FORT WASHINGTON, PA 19034

RECOVERY MANAGEMENT SYSTEMS CORPORATION
25 S.E. SECOND AVENUE
INGRAHAM BUILDING, SUITE 1120
MIAMI, FL 33131-1605

    ☐ c. **Personal Service** (list persons and addresses)
      I personally delivered the document(s) to the persons at these addresses:

    ☐ d. **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

    ☐ e. **By fax transmission** (list persons and fax numbers):

    ☐ f. **By messenger**:

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 3rd day of July, 2013.

 L. Bubala        /s/ L. Bubala    .
Name             Signature